UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| SANDRA COAKE and | ) |
| SHARON HENDRICKSON | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-cv-353 |
| | ) |
| STATE FARM INSURANCE COMPANY | ) |
| and BARNEY BRYAN | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 13, 2009, Plaintiffs brought suit against State Farm Insurance Company and State Farm Agent Barney Bryan in the Noble County, Indiana, Superior Court. The Plaintiffs allege that on February 20, 2009, they attempted to obtain homeowner's and flood insurance from Bryan. (Compl. ¶ 8.) They claim that Bryan "advised [Coake] that he bound coverage, including 'flood coverage' for [the] property, and that [the Defendants] accepted a premium for that coverage." (Compl. ¶ 9.) In their Complaint, Plaintiffs assert that they received a copy of the policy declaration on March 5, 2009, "indicating coverage effective on March 1, 2009, and without any disclaimer or notice of additional requirements for their homeowner's coverage, including 'flood coverage.'" (Compl. ¶ 10.) When the Plaintiffs presented a claim for damage incurred during a March 13, 2009, flood, their claim was denied because their flood coverage was not yet bound. (Compl. ¶ 11.)

Although the precise nature of the Plaintiffs' claims are not clear, the Complaint apparently seeks to hold the Defendants liable for their alleged negligent failure to disclose any additional

conditions on the flood insurance policy and procure coverage. (Compl. ¶¶ 12, 14.) The Plaintiffs also seek to compel them to pay the full amount of the claim. (Compl. ¶ 16.) Finally, Plaintiffs claim that the Defendants' denial of their claim constituted unfair claims handling practices. (Compl. ¶ 15.)

On December 16, 2009, the Defendants removed the case to this Court, arguing that because the policy in dispute was authorized by the National Flood Insurance Program ("NFIP") it is governed exclusively by federal law. The NFIP partners private insurance companies with the federal government to deliver federally-subsidized and regulated flood insurance policies to consumers. *See* 42 U.S.C § 4001 *et seq.*; 44 C.F.R. § 59.1 *et seq.*; GARY KNAPP, NATIONAL FLOOD INSURANCE RISKS AND COVERAGE, 81 A.L.R. FED. 416 (1987). The Defendants assert that subject matter jurisdiction is proper because the policy in question is created through a federal program, must be interpreted by applying federal statutes and regulations, and any payment on the Plaintiffs' claim would be made from the United States Treasury. (Notice of Removal ¶¶ 22, 23.)

This Court entered an Order on December 21, 2009, confirming that subject matter jurisdiction is proper under 28 U.S.C. § 1331 because the Plaintiffs' claims for unfair claims handling and payment under the policy would require the application and interpretation of federal law. (*See* Docket # 6.) The Court also found that, to the extent that any claims against Bryan are not based on a federal question, supplemental jurisdiction under 28 U.S.C. § 1367 is proper because those claims are part of the same case or controversy and arise from the same common nucleus of operative facts.

The Plaintiffs, however, now seek to remand the case to state court, claiming that their claims are governed exclusively by state law. In their motion to remand, they apparently

2

abandoned both their request for full payment under the policy—now arguing that no such policy in fact existed—and their allegation of unfair claims handling. The Plaintiffs now allege only that Bryan negligently failed to obtain flood insurance coverage. "This is a claim for torts, including negligence, in the failure to procure insurance. . . ." (Br. In Supp. 3.) "Plaintiffs have alleged that [Bryan] failed to procure 'flood coverage' and failed to advise them of his omissions. . . ." (*Id.*) Therefore, the only claim apparently remaining against State Farm is based on its potential liability through its agency relationship with Bryan. Accordingly, the Plaintiffs argue that the NFIP and other federal laws are not implicated in this negligence claim and the case should be remanded to state court.

Defendants respond that the Plaintiffs' Complaint implicates federal law on several grounds. They claim that federal question jurisdiction exists because any payment on the Plaintiffs' NFIP insurance policy would come directly from the United States Treasury. (Br. in Opp'n 9-12.) Defendants also claim that the Plaintiffs' unfair claims handling count implicates federal law. They assert that the Plaintiffs' insurance claim was denied because their coverage was not yet in effect, due to the federally-mandated requirement that coverage under a NFIP policy begins 30 days after the application is completed. (Br. in Opp'n. 14-15.) Defendants also assert that federal law is implicated by the Plaintiffs' negligence claim, again pointing to the federally-mandated 30-day waiting period as a defense to Bryan's alleged failure to bind coverage. (Br. in Opp'n 14-16.)

A hearing was held on April 16, 2010, in an effort to ascertain exactly what claims the Plaintiffs are bringing and gauge whether federal jurisdiction is proper. Counsel for the Plaintiffs affirmatively represented to the Court that he is only pursuing a claim that Bryan negligently failed

3

to procure insurance (with, apparently, State Farm being liable as Bryan's principal), and that the two potential federal claims could be dismissed with prejudice.

To dispel any confusion, and because Plaintiffs' counsel indicates he wishes to drop all federal claims, counsel for the Plaintiffs is granted leave to file an Amended Complaint within 14 days, clearly articulating the claim or claims Plaintiffs are advancing against Bryan and State Farm. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 2362 at 413-14 (2008) ("A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.")  Once the exact nature of the Plaintiffs' lawsuit is finally established, this Court will proceed to consider the Plaintiffs' Motion to Remand.

SO ORDERED.

Enter for April 19, 2010.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge