UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SANDRA COAKE and | ) | |
| SHARON HENDRICKSON | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 1:09-cv-353 |
| | ) | |
| STATE FARM INSURANCE COMPANY | ) | |
| and BARNEY BRYAN | ) | |
| | ) | |
|     Defendants. | ) | |

## REPORT and RECOMMENDATION

This matter is before the Court on the Plaintiffs' Motion to Remand. (Docket # 19.) Judge Rudy Lozano entered an Order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and Northern District of Indiana Local Rule 72.1, referring the motion to the undersigned Magistrate Judge to prepare a Report and Recommendation. (Docket # 21.)

Based on the following, it is recommended that the Plaintiffs' federal-law claims be DISMISSED WITH PREJUDICE, that the Court not exercise supplemental jurisdiction over the remaining state-law claim, and that the Motion to Remand be GRANTED.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 13, 2009, Plaintiffs brought suit against State Farm Insurance Company and State Farm Agent Barney Bryan in the Noble County, Indiana, Superior Court. The Plaintiffs allege that on February 20, 2009, they attempted to obtain homeowner's and flood insurance from Bryan under the National Flood Insurance Program ("NFIP"). (Compl. ¶ 8.) The NFIP partners private insurance companies with the federal government to deliver a federally-subsidized Standard Flood Insurance Policy ("SFIP") to consumers. *See* 42 U.S.C § 4001 *et seq.*; 44 C.F.R. §

59.1 *et seq.*; GARY KNAPP, NATIONAL FLOOD INSURANCE RISKS AND COVERAGE, 81 A.L.R. FED. 416 (1987).

The Plaintiffs claim that Bryan "advised [Coake] that he bound coverage, including flood coverage for [the] property, and that [the Defendants] accepted a premium for that coverage." (Compl. ¶ 9.) Plaintiffs assert that they received a copy of the policy declaration on March 5, 2009, "indicating coverage effective on March 1, 2009, and without any disclaimer or notice of additional requirements for their homeowner's coverage, including flood coverage." (Compl. ¶ 10.) When the Plaintiffs presented a claim for damage incurred during a March 13, 2009, flood, their claim was denied because their flood coverage was not yet bound. (Compl. ¶ 11.)

Although the Plaintiffs' original Complaint was far from a model of precision, it seemed to allege, or certainly could be taken to allege, two federal-law claims and one state-law claim against the Defendants. The Plaintiffs first demanded (presumably from State Farm) full payment for their loss under their purported flood insurance policy. (Compl. ¶ 16.) Federal law governs all requests for payment under a SFIP. "[A]s federal common law controls SFIP interpretation, and the government has a substantial interest in monitoring the NFIP as federal funds are at stake, federal question jurisdiction exists under 28 U.S.C. § 1331 for disputes involving the interpretation of SFIPs." *Waltrip v. Brooks Agency, Inc.*, 417 F. Supp. 2d 768, 770 (E.D. Va. 2006). *Accord Studio Frames Ltd. v. Standard Fire Ins. Co.*, 369 F.3d 376, 379-80 (4th Cir. 2004); *Downey v. State Farm Fire & Casualty Co.*, 266 F.3d 675, 680-81 (7th Cir. 2001); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 306-310 (11th Cir. 2001). The Plaintiffs next alleged unfair claims handling practices (again, perhaps only against State Farm) (Compl. ¶ 15), but that claim is preempted by federal law. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009) ("Federal law preempts

state law tort claims arising from claims handling [under the NFIP].") (internal quotations and citations omitted).

Finally, the Plaintiffs claimed that if they do not have flood insurance coverage—because no policy ever came into existence—Bryan is liable (and State Farm as his principal) for the negligent failure to procure such coverage. (Compl. ¶¶ 12, 14.) Negligent failure to procure insurance, however, is purely a state-law claim. *Campo*, 562 F.3d at 757-58 (holding that federal law does not preempt state-law procurement claims). *See also Goodman v. Fid. Nat'l Ins. Co.*, No. 06-cv-3799, 2008 WL 3863905, at *3 (E.D. La. Aug. 14, 2008) (collecting cases from multiple districts that find procurement claims not preempted).

On December 16, 2009, the Defendants removed the case to this Court, arguing that subject matter jurisdiction is proper under 28 U.S.C. § 1331 because the claims for payment under the policy and unfair claims handling raise substantial questions of federal law and any payment on the Plaintiffs' insurance policy would be made from the United States Treasury. (Notice of Removal ¶¶ 22, 23.) This Court entered an Order on December 21, 2009, confirming subject matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs' claims for payment under the policy and unfair claims handling would require the application and interpretation of federal law. (*See* Docket # 6.) The Court also observed that the claim against Bryan would likely fall under the Court's supplemental jurisdiction, 28 U.S.C. § 1367, since it was part of the same case or controversy and arose from the same common nucleus of operative facts as the federal claims.

The Plaintiffs, however, now seek to remand the case to state court by abandoning their federal-law claim for full payment under the policy (in effect, arguing that no such policy existed), as well as the related allegations of unfair claims handling. The Plaintiffs now only allege a tort

3

claim centered on Bryan's negligent failure to procure flood insurance coverage and subsequent failure to advise them of his omission. (Br. In Supp. 3.) Thus, the only claim the Plaintiffs apparently wish to pursue against State Farm is one of *respondeat superior* liability for Bryan's alleged negligence. In essence, the Plaintiffs argue that because they are no longer asserting any federal-law claims, the case should be remanded to state court.

On April 16, 2010, a hearing was held on the Motion to Remand. (*See* Docket # 28.) Plaintiffs' counsel affirmatively represented that he was no longer pursuing any federal claims for payment under the policy or unfair claims handling and conceded that those claims could be dismissed with prejudice. Accordingly, the Plaintiffs were granted leave to file an Amended Complaint, precisely setting out the claims they were bringing against the Defendants, and by implication, the claims they were dropping. On April 29, 2010, the Plaintiffs filed their Amended Complaint, which only advances a state-law claim for the negligent failure to procure insurance. (Am. Compl. ¶¶ 10, 13, 17, 19.) With the Defendants having now filed a Supplemental Brief in Opposition to the Motion to Remand (Docket # 33), and the Plaintiffs having apparently waived filing a reply, the Court turns to address the issues.

## II. PLAINTIFFS' MOTION TO REMAND

A. *Standard of Review*

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction over cases involving diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332; *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). If the district court has original jurisdiction over an action, it may also

4

exercise supplemental jurisdiction over "all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ." 28 U.S.C. 1367(a). The burden of establishing federal jurisdiction falls on the party seeking removal. *Oshana v. Coca-Cola* Co., 472 F.3d 506, 511 (7th Cir. 2007); *Meridian Sec. Ins. Co v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

If, however, at "any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Additionally, if the underlying federal claim that supported supplemental jurisdiction is dismissed, courts have wide discretion in deciding whether to continue to exercise jurisdiction. 28 U.S.C. § 1367(c). When ruling on a motion to remand, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Battle v. Countrywide Home Loans, Inc.*, No. 05 C 3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept. 15, 2005) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

B. *Discussion*

In the present case, the Defendants properly removed the original Complaint to federal court because the claims for payment under the insurance policy, and unfair claims handling practices, would require the interpretation and application of federal law. *See Campo*, 562 F.3d at 754; *Waltrip*, 417 F. Supp. 2d at 770. Thus, as the Court originally found, federal question jurisdiction existed under 28 U.S.C. § 1331, with supplemental jurisdiction over the state-law failure-to-procure claim present under 28 U.S.C. § 1367(a). (Docket # 6.) Now, however, the Plaintiffs have dropped, and agree to dismiss their federal-law claims, thereby leaving only the

5

state-law negligent procurement claim. With their case thus recast, the Plaintiffs urge that it be remanded to state court.

The Defendants have repeatedly argued that amending the Complaint to dismiss the federal claims does not divest the Court of jurisdiction. Rather, they recite the rule that jurisdiction must be determined solely with reference to the allegations made in the original Complaint. They broadly claim that post-removal events—such as the dismissal of all underlying federal claims—cannot defeat jurisdiction once it attaches. (Supp. Br. in Opp'n 1) (citing *Rising-Moore v. Red Roof Inns*, *Inc*., 435 F.3d 813 (7th Cir. 2006); *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591 (7th Cir. 2004)).

The Defendants' argument, however, mis-states the law. The rule that jurisdiction must be determined by the allegations made in the original complaint and that post-removal amendments do not divest the court of jurisdiction primarily applies to cases based on diversity jurisdiction.[1] For example, if a plaintiff amends its complaint after removal to reduce the amount in controversy below the $75,000 threshold, such an amendment does not deprive the court of jurisdiction. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if [diversity] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *Bunch v. Wal-Mart Stores, Inc.*, No. 1:09-cv-71, 2009 WL 1076162, at *3 (N.D. Ind. Apr. 20, 2009) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of

---

[1] The Defendants fail to notice that the cases they rely on, *Rising-Moore* and *Tropp*, are diversity cases, and thus do not address instances where there has been the outright dismissal of federal claims.

jurisdiction.") (quoting *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).

Here, by contrast, diversity of citizenship does not exist and the Defendants' removal was based on federal question jurisdiction. In such a scenario, subsequent amendments to the complaint—such as the dismissal of the underlying federal claims—can affect whether the Court retains jurisdiction.

*Waltrip* is a good example of the application of this principle in a similar setting. There, after removal of a flood insurance case to federal court, the plaintiff dismissed the insurance company, leaving only claims for negligence and fraud against the independent agent. 417 F. Supp. 2d at 769-72. As a consequence, the Court declined to exercise supplemental jurisdiction over the Plaintiffs' state-law claims and remanded the case to state court. *Id.* at 772. Similarly, in *Franklin v. Louisiana Citizens Property Ins. Corp.*, No. 06-9299, 2007 WL 275903, at *1 (E.D. La. Jan. 26, 2007), the plaintiff abandoned his claim to recover under the flood insurance policy and only asserted procurement claims against the insurance agent. Relying on 28 U.S.C. § 1367(c), the Court then remanded the case to state court. *Id*. *See also Am. Fidelity Acceptance, Inc. v. Assurance Co. of Am.*, No. 07-7150, 2008 WL 2018295, at *2 (E.D. La. May 8, 2008) (remanding case where plaintiff only advanced negligent procurement claims); *Jeffrey v. Insurance Underwriters, Ltd.*, No. 06-2525, 2006 WL 1984591, at *2 (E.D. La. July 7, 2006) (same).

If the federal claims are dismissed, as the Plaintiffs here purport to do, the Court must then consider whether to continue to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3) ("The [court] may decline to exercise supplemental jurisdiction . . . if the [court] has dismissed all claims over which it has original jurisdiction.") Although the

dismissal of federal claims does not automatically require that the court decline to exercise supplemental jurisdiction, relinquishing the state-law claims is strongly favored. "[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court . . . although if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge will normally relinquish [supplemental] jurisdiction over the state-law claims." *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 346, 351 (1988); *Marzuki v. AT & T Tech. Inc.*, 878 F.2d 203, 206 n. 3 (7th Cir. 1989)).

Several factors influence the Court's decision whether to exercise supplemental jurisdiction. For example, 28 U.S.C. § 1367(c) directs that a court may consider whether the claim raises novel or complex issues of state law, whether the federal claim has been dismissed, or "other compelling reasons." Courts also look to "principles of economy, convenience, fairness, and comity" when evaluating whether to exercise supplemental jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997).

Given the Plaintiffs' expressed wish to dismiss their federal-law claims with prejudice and only continue with their state-law negligence claim, it is recommended that supplemental jurisdiction not be exercised and that the case be remanded to the state court for determination under Indiana law. *See* 28 U.S.C. § 1367(c)(3); *Disher v. Information Res., Inc.*, 873 F.2d 136, 140 (7th Cir. 1989) ("A decision to relinquish [supplemental] jurisdiction" once all of the federal claims have been dismissed before trial "is . . . the norm, . . . and such a decision will be reversed only in extraordinary circumstances."). Additionally, the interests of judicial economy and convenience heavily favor remand. This case is in its infancy and apart from evaluating the

Motion to Remand, virtually no judicial resources have yet been expended. *See Trustees of Marion Kingdom Hall of Jehovah's Witnesses v. City of Marion*, 638 F. Supp. 2d 962, 980 (N.D. Ill. 2007) (declining supplemental jurisdiction where case only progressed to the motion to dismiss stage). Furthermore, the interests of fairness and comity weigh against exercising supplemental jurisdiction. The Indiana state court is better situated to decide the purely state-law claim the Plaintiffs are advancing. As has been observed, "Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" in state court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

In sum, the Plaintiffs' request to dismiss its federal-law claims for payment under the policy and unfair claims handling should be granted and those claims dismissed, as their counsel urges, with prejudice. *See Waltrip*, 417 F.Supp. 2d at 769-72; *Franklin*, 2007 WL 275903, at *1. With no federal claim before the Court, the interests of judicial economy, convenience, fairness, and comity, do not weigh in favor of the Court retaining supplemental jurisdiction over the Plaintiffs' state-law claim. *See* 28 U.S.C. § 1367(c)(3); *Gibbs*, 383 U.S. at 726; *Disher*, 873 F.2d at 140. Accordingly, the Plaintiffs' remaining state-law claim should be remanded to the Noble Superior Court.

### III. CONCLUSION

Based on the foregoing, and to the extent they still exist after the amendment of the Plaintiffs' complaint, the undersigned Magistrate Judge recommends that the Plaintiffs' federal claims for payment under the insurance policy and unfair claims handling be DISMISSED WITH PREJUDICE. Furthermore, the undersigned recommends that the Court decline to exercise

9

supplemental jurisdiction over the remaining state-law claim of negligent failure to procure insurance and GRANT the Plaintiffs' Motion to Remand this case to the Noble Superior Court. (Docket # 19.)

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Enter for May 28, 2010.

<u>S/Roger B. Cosbey</u>
Roger B. Cosbey
United States Magistrate Judge